

Molly C. Dwyer
Clerk of Court

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939

(415) 355-8000

July 10, 2008

| | |
|---|---|
| CA9 Docket No.: | 08-16573 |
| Agency Number: | 3:08-cv-02064-SI |
| Short Title: | Vincent Rosenbalm v. Ed Foulk |

Dear Counsel:

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit.

The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case. Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The due dates for designating and filing the reporter's transcript, if applicable, filing the parties' briefs and otherwise perfecting the appeal have been set by the enclosed "Time Schedule Order," pursuant to applicable FRAP rules. These dates can be extended only by court order. Failure of the appellant to comply with the time schedule order will result in automatic dismissal of the appeal.**

Payment of the $455.00 U.S. Court of Appeals docket fee is past due. The fee is payable to the Clerk of the District Court, Tax Court or the Bankruptcy Appellate Panel for an appeal, and to the Clerk of this court in an agency case or original proceeding.

**No papers may be filed with the court until the docket fee requirement has been satisfied. If the docket fee is not paid within ten days of the filing of the notice of appeal, dismissal proceedings will be commenced. 9th Cir. R. 42-1.**

The following information is being provided in an attempt to answer the most frequently asked questions regarding the appellate process. Please review this information very carefully. For convenience, we use the term "Circuit Rules"

instead of "Rules of the United States Court of Appeals for the Ninth Circuit" and "FRAP" instead of "Federal Rules of Appellate Procedure."

Enclosed with this letter is an appellate processing schedule along with a case processing checklist to help you monitor the progress of your case.

**Appellants/Petitioners who are filing pro se should refer to the accompanying information sheet regarding the filing of informal briefs.**



**Molly C. Dwyer**
Clerk of Court

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939



(415) 355-8000

**Information for Pro Se Appellants/Petitioners**
Option of Proceeding on an Informal Brief

Our records indicate that you do not have an attorney to help you with this case. Accordingly, we have enclosed an information package and an informal brief form for pro se appellants and petitioners. Please read them carefully.

You have the option of filing an informal brief on the attached form instead of filing a standard brief that meets the requirements of FRAP 28 and Circuit Rules 28-1, 28-2, 28-3 and 28-4. The informal brief may make it easier for you to make your arguments to the Court without worrying about the rules on what a brief is supposed to look like and what it must contain. The Court will give the same consideration to an informal brief as it will give to a standard brief that satisfies all the rules. You should submit whatever brief is easier for you to prepare.

If you decide to file an informal brief, please answer all of the questions as clearly and accurately as possible. You may cite statutes, legal authority, and cases to support your argument, but this is not required. If you need more space to answer the questions, write your answers on separate sheets of paper and attach them to the informal brief. You should be certain that whatever you file answers all of the questions in the informal brief.

If you decide to file a standard brief, that brief must meet all of the requirements of FRAP 28 and Circuit Rules 28-1, 28-2, 28-3, and 28-4. This means that your standard brief could be rejected unless it meets all of these requirements.

**Important:**
After you decide which type of brief to file - informal or standard - you **must** file that brief by the date noted on the enclosed **Time Schedule Order** or your appeal may be dismissed for failure to prosecute pursuant to Circuit Rule 42-1. *See also* FRAP 31(c).

**Important:**
Even if you file an informal brief, you **must** comply with all other rules for processing your appeal including, but not limited to: ordering the reporter's transcript, see Circuit Rule 10-3.1; serving a copy of your brief on the opposing party, see FRAP 31(a); filing the appropriate number of copies of your brief with the Court of Appeals, see Circuit Rule 31-1; and filing an excerpt of record at the same time that you file your opening brief, see Circuit Rule 30-1.1.

**Please type or print your responses on the informal brief.**